CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAY 18 2009
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| TINA D. FOX, | ) |
| | ) Civil Action No. 5:08CV00060 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) By: Hon. Glen E. Conrad |
| | ) United States District Judge |
| Defendant. | ) |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff was not under a disability at any time prior to the final decision of the Commissioner. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

The plaintiff, Tina D. Fox, was born on December 25, 1972, and eventually completed her high school education. Mrs. Fox has been employed as a production worker/book packer, domestic housekeeper, dental assistant, secretary, and poultry worker. Apparently, she last worked on a regular and sustained basis in 2001.

Mrs. Fox first filed applications for disability insurance benefits and supplemental security income benefits on August 16, 2001. Therein, she alleged that she became disabled for all forms of substantial gainful employment on March 10, 2001, due primarily to migraine headaches. Plaintiff's claims were denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated April 25, 2003, the Law Judge also determined that Mrs. Fox was not disabled. The Law Judge found that plaintiff experienced severe impairments on the basis of migraine headaches and depression. Because of these problems, the Law Judge ruled that Mrs. Fox was disabled for her past relevant work roles. However, the Law Judge found that plaintiff retained sufficient functional capacity for a limited range of light work activity. Given the residual functional capacity as found by the Law Judge, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge determined that Mrs. Fox retained sufficient functional capacity to perform several light work roles existing in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that Mrs. Fox was not disabled, and that she was not entitled to disability insurance benefits or supplemental security income benefits. The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Mrs. Fox then appealed to this court. However, by memorandum opinion and order entered April 29, 2005, this court affirmed the final decision of the Commissioner denying plaintiff's entitlement to benefits under both federal programs.

Mrs. Fox filed new applications for disability insurance benefits and supplemental security income benefits on December 16, 2003. On this occasion, plaintiff again alleged that she became disabled for all forms of substantial gainful employment on March 10, 2001. She alleged disability on the bases of schizophrenic disorder, panic attacks, migraines, asthma, gout, fibromyalgia,

2

dyspnea, depressive disorder, and morbid obesity. Mrs. Fox now maintains that she has remained disabled to the present time. As to her application for disability insurance benefits, the record reveals that plaintiff met the insured status requirements of the Act through the fourth quarter of 2006, but not thereafter. See 42 U.S.C. § 423. Consequently, Mrs. Fox is entitled to disability insurance benefits only if she has established that she became disabled for all forms of substantial gainful employment on or before December 31, 2006. See gen., 42 U.S.C. § 423.

Plaintiff's new claims were denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated March 31, 2006, the second Law Judge also denied plaintiff's entitlement to benefits. The second Law Judge found that Mrs. Fox suffers from migraine headaches and obesity. Because of these impairments, the Law Judge held that plaintiff is disabled for all her past relevant work activities. However, the Law Judge determined that Mrs. Fox retains sufficient functional capacity to perform a limited range of light work activity. The Law Judge assessed plaintiff's residual functional capacity as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a partial range of light work (lift up to 20 pounds occasionally and up to 10 pounds frequently, to stand or walk for six hours in an eight hour work day). From a nonexertional standpoint, the claimant would have to avoid even moderate exposure to fumes, odors, dust, gases, poor ventilation, or other environmental irritants (which could trigger migraine headaches or asthma), and she can perform at least simple, routine repetitive tasks.

(TR 18). Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge determined that Mrs. Fox retains sufficient functional capacity to perform several specific light roles existing in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that Mrs. Fox is not disabled, and that she is not entitled to benefits under either federal program.

3

See, gen., 20 C.F.R. §§ 404.1520(g) and 416.920(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mrs. Fox has appealed the denial of her second set of claims to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the administrative record in this matter, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. The medical evidence confirms that Mrs. Fox suffers from a variety of physical and emotional problems. However, while the record documents a multitude of medical contacts, the court believes that there is substantial evidence to support the Administrative Law Judge's finding that plaintiff's physical problems are not so severe as to prevent certain forms of light work activity. Although the record is somewhat closer as to the vocational impact of plaintiff's emotional limitations, the court believes that the Administrative Law Judge reasonably relied on the reports from medical experts which indicate that plaintiff's nonexertional impairments are not so severe as to prevent performance of the light work roles for which she is otherwise physically capable. Accordingly, the court finds that the

4

Administrative Law Judge's disposition in this matter is supported by the medical record. It follows that the Commissioner's final decision denying entitlement to benefits must be affirmed.

The medical record establishes that Mrs. Fox suffers from a variety of physical problems. She has been treated for back pain related to spondylolisthesis and obesity. She has also been treated for asthma, gout and fibromyalgia. However, without question, plaintiff's most serious, debilitating, and persistent problem has consisted of migraine headaches. As recognized by the court in its earlier opinion affirming the denial of plaintiff's first set of applications, no specific cause for plaintiff's migraine headaches has been identified, despite exhaustive diagnostic efforts. There is some reason to believe that Mrs. Fox experiences a reaction to certain foods. In any event, neurological studies have failed to document the existence of any impairment which could be expected to prevent performance of lighter forms of activity. More recently, neurological reports have indicated that Mrs. Fox has enjoyed some relief through conservative treatment measures. In any event, the court believes that the Administrative Law Judge properly determined that plaintiff's migraine headaches and, for that matter, her other physical problems are not so severe as to render her disabled for all forms of substantial gainful activity. Indeed, no doctor has suggested that she is now disabled for all forms of work as a result of any physical problems, including migraine headaches.

There is some reason to believe that there is an emotional component to plaintiff's subjective symptomatology, especially her headaches. Indeed, several physicians have characterized her problem as tension headaches. In 2001, a clinical psychologist opined that plaintiff's headaches are the result of somatic reactions to stressors in her life. Beginning in 2002, Mrs. Fox was treated by Dr. Jeffrey Lightner, a psychiatrist, for anxiety, panic attacks, and depression. In November of 2002, Dr. Lightner produced a mental capacities evaluation which suggests significant restrictions in the performance of various work-related emotional functions. However, as noted by the Administrative

5

Law Judge, other mental health specialists were unable to discern any objective findings, from Dr. Lightner's reports or otherwise, which would support the existence of severe and disabling emotional symptomatology. Indeed, Mrs. Fox saw Dr. Lightner sporadically and there is no indication that she has ever received regular psychiatric treatment. Furthermore, the medical record gives every reason to believe that plaintiff's emotional symptoms are situational in origin, and subject to control through routine and conservative treatment measures.

It is true that in a recent medical certification, Dr. Lightner indicated that Mrs. Fox remains impacted by emotional symptoms, and that she is unable to drive because of her chronic mental disorder. However, once again, Dr. Lightner's report does not identify specific mental status findings which are consistent with a determination of total disability. The court believes that the Administrative Law Judge properly relied on reports from state agency physicians which indicate that Mrs. Fox suffers from no more than mild difficulties in terms of specific, work-related emotional functions. In short, the court concludes that the medical record supports the Law Judge's finding that plaintiff's depression and anxiety are not so severe and persistent as to prevent regular performance of work activity.

The administrative record also indicates that the Law Judge considered the synergistic effect of plaintiff's physical and emotional impairments. In questioning the vocational expert, the Law Judge propounded a series of hypothetical questions which incorporate all of the limitations, both physical and emotional, reasonably supported by the medical record. Furthermore, in his opinion, the Administrative Law Judge fully discussed plaintiff's emotional impairments as well as the subjective symptoms resulting from plaintiff's longstanding migraine headaches and back condition. The Law Judge took into account certain environmental restrictions as well as plaintiff's inability

6

to perform more than simple and routine work activity. In short, the court believes that Mrs. Fox received a full and fair adjudication of her claims for benefits.

In affirming the Commissioner's final decision, the court does not suggest that Mrs. Fox is free of all pain, discomfort, anxiety, and depression. Indeed, there is no reason to believe plaintiff is not sincere in her complaints of headache and panic attacks. However, it must again be noted that no doctor has suggested that Mrs. Fox experiences disabling physical conditions. As for her subjective limitations, the medical record confirms that plaintiff's most severe symptoms are subject to reasonable control through conservative medical measures. It must be recognized that the inability to do work without any subjective discomfort does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). Once again, it appears to the court that the Administrative Law Judge considered all of the subjective factors reasonably supported by the medical record in adjudicating plaintiff's claims for benefits. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 18th day of May, 2009.

_____
United States District Judge

7